[No. 36664. Department Two. June 20, 1963.]

CYRUS A. DIMMICK, *Respondent*, v. RICHARD RAYMOND HUME, *Appellant*.*

*Horace H. Davis*, for appellant.

*Dimmick, Sampson & Savage*, by *Cyrus A. Dimmick*, for respondent.

PER CURIAM.—Defendant appeals from an order adjudging him guilty of contempt of court.

* Reported in 382 P. (2d) 642.

The order appealed from was entered in a proceeding supplemental to judgment, conducted pursuant to the provisions of RCW 6.32. No statement of facts has been supplied. The transcript contains only the notice of appeal, an appeal bond, and the order, which reads, *inter alia*:

"THIS MATTER coming on . . . for hearing this 5th day of March, 1962, . . . upon an order directing defendant to appear for examination as to his property, and the Court finding, from the record and the testimony of defendant and the admissions of counsel that the following are relevant facts herein:

"1. That the above entitled action was commenced, and service of summons and complaint was made upon defendant, on or about the 1st day of April, 1960.

"2. That at the time of the commencement of this action, the defendant was an unmarried man, owning an automobile which had an approximate value of $3,500.00, free and clear of all encumbrances.

"3. That on the 14th day of April, 1960, one Loaha J. Lewellyn was an unmarried woman, owning an equity in a home then occupied by her, which equity had a value of not less than $3,500.00.

"4. That on April 14th, 1960, the defendant and Loaha J. Lewellyn were engaged to be married.

"5. That on April 14th, 1960, the defendant exchanged his automobile for the equity in the home owned and occupied by his fiance [sic]. That such exchange was made for the purpose of placing defendant's property beyond the reach of his creditors.

"6. That thereafter, on April 18th, 1960, defendant and Loaha J. Lewellyn were married.

"7. That subsequent to such marriage, a Declaration of Homestead was filed by defendant upon the equity in the home acquired by defendant in said exchange.

"From the foregoing, the Court draws the conclusion of law that the defendant, Richard Raymond Hume, is guilty of contempt of Court, in that he did remove and convey or otherwise dispose of his property, with intent to defraud a creditor.

"Now, THEREFORE, IT IS HEREBY ORDERED that the defendant, RICHARD RAYMOND HUME, be confined in the County jail for sixty (60) days for contempt of Court."

Defendant challenges the trial court's conclusion of law.

■ For aught that appears in the record before us, the trial court, in a proceeding supplemental to judgment, summarily adjudged the defendant guilty of contempt for acts committed outside the presence of the court. The provisions of RCW 6.32 do not authorize this. RCW 7.20.040 precludes it.

In *Starkey v. Starkey*, 40 Wn. (2d) 307, 242 P. (2d) 1048, we held that, in a proceeding the purpose of which was other than determining guilt of contempt, a court was without authority, absent an appropriate pleading, to find a party in contempt for an act committed outside its presence. See, also *Schaefer v. Schaefer*, 36 Wn. (2d) 514, 219 P. (2d) 114.

We express no opinion as to remedies which may be available to plaintiff (respondent) upon the basis of the facts as found by the trial court. We simply hold that, upon the record before us, summary adjudication of contempt does not lie.

The order, only insofar as it holds defendant in contempt of court, is reversed.