[Nos. 44355, 44356, 44357.    En Banc.    July 6, 1978.]

SONJA MOSES, ET AL, *Appellants,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Lonnie Davis* of *Evergreen Legal Services,* for appellants.

*Slade Gorton, Attorney General,* and *Walter E. White, Assistant,* for respondent.

HICKS, J.—This is a direct appeal to this court from a superior court judgment affirming an administrative decision of the Department of Social and Health Services (DSHS). DSHS determined that incentive allowances received by appellants under the Comprehensive Employment and Training Act of 1973 (CETA) (29 U.S.C. § 801 *et seq.*), should be regarded as "income" in calculating the cost of appellants' food stamps. We reverse.

All of the appellants receive assistance under the Aid to Families with Dependent Children program and all are eligible to purchase food stamps. They also participate in employment training programs under CETA for which they receive $30 per week as an incentive allowance.

The dispute in this case arose when DSHS began including the incentive allowance in calculating appellants' incomes. Since the amount charged for food stamps is determined in part by family income, this policy had the effect of increasing the cost of appellants' stamps.

Each appellant sought from DSHS an administrative fair hearing under RCW 74.08.070 to challenge the action. In each case, the hearing resulted in a determination that the incentive allowance was properly included as income. On appeal to the superior court, appellants' cases were consolidated. After review, as limited by RCW 34.04.130, the trial court adopted DSHS's findings of fact and affirmed the conclusions of law and decisions thereupon based. Direct appeal to this court followed.

The food stamp program was established by Congress as a means of raising the nutritional level of low–income families by increasing their power to purchase food. 7 U.S.C. § 2011. Under the joint federal–state programs, qualifying families may purchase food stamps with a value that exceeds the purchase price. For the state to qualify for administrative assistance under the program, it must submit a plan to and receive approval from the Secretary of Agriculture. 7 U.S.C. § 2019(e), § 2024(b). The state's administration of the program must conform to applicable federal statutes and regulations. RCW 74.04.510; *Anderson v. Morris,* 87 Wn.2d 706, 558 P.2d 155 (1976).

CETA's purpose is to provide job training and employment opportunities for economically disadvantaged persons. 29 U.S.C. § 801. The act provides for the payment of an incentive allowance to disadvantaged persons participating in specified "training programs." 29 U.S.C. § 821 specifically excludes the incentive allowance from consideration in determining benefits under certain federal programs:

> Trainees receiving public assistance or whose needs or income are taken into account in determining such public assistance payments to others, shall receive an incentive allowance of $30 per week. Such allowance shall be disregarded in determining the amount of public assistance payments under Federal or Federally assisted public assistance programs.

Appellants argue that 29 U.S.C. § 821 precludes consideration of the incentive allowances in calculating the cost of food stamps because the food stamp program is a "public assistance" program within the meaning of that statute. DSHS, on the other hand, contends that the trial court's decision should be affirmed because the inclusion of the allowance as income is required by relevant federal regulations. It points specifically to 29 C.F.R. § 94.4(ss) (1977), a Department of Labor regulation which limits the definition of "public assistance" as follows:

supplemental income or money payments received pursuant to a State plan approved under the Social Security Act, Title IV (Aid to Families with Dependent Children), or under the Social Security Act, Title XVI (Supplemental Security Income for the Aged, Blind, and Disabled), and pursuant to the Indochina, Migration and Refugee Assistance Act of 1975, Pub. L. 94–23.

Since 29 U.S.C. § 821 does not clearly apply to the food stamp program, DSHS contends that this regulation, promulgated by the agency charged with implementing CETA, provides an authoritative definition of "public assistance program."

█ It is familiar law that the interpretation of a statute by an agency entrusted with its administration is entitled to considerable deference from the court. Nonetheless, the court is the final authority on statutory construction and it need not approve regulations or decisions inconsistent with a statute or the policy underlying the statute. *Townsend v. Swank,* 404 U.S. 282, 30 L. Ed. 2d 448, 92 S. Ct. 502 (1971); *Volkswagenwerk Aktiengesellschaft v. Federal Maritime Comm'n,* 390 U.S. 261, 19 L. Ed. 2d 1090, 88 S. Ct. 929 (1968). Thus, the definition of "public assistance" by the Department of Labor need not be adopted if it is found to be inconsistent with 29 U.S.C. § 821.

█ Examination of the legislation authorizing the incentive allowance reveals purposes which are frustrated by 29 C.F.R. § 94.4(ss) (1977) and by DSHS's policy of inclusion. CETA was designed partially to provide training for unemployed and under–employed persons, so that they could become self–sufficient. 29 U.S.C. §§ 801, 811. The provision for an incentive allowance evidences a congressional recognition that, without assistance in meeting the necessary expenses of training, disadvantaged persons might not be able to undertake such self–improvement. That recognition is reflected in the legislative history of CETA:

The past history of manpower programs has shown that it is in general necessary to provide such allowances in

order to enable unemployed persons to take advantage of the training opportunities that are afforded. 1973 United States Code Congressional and Administrative News, 2944.

29 U.S.C. § 821 establishes $30 per week as the appropriate allowance for trainees who receive public assistance and then instructs that the allowance not be used in determining the amount of assistance provided. Congress clearly did not want the CETA allowance to be used in a way which destroyed its value as a training incentive. That clear legislative intention is frustrated by the DSHS policy which substantially· reduces appellants' ability to meet the expenses of training.

█ Since it is a federal program with which we are concerned, we look to the federal courts for guidance. In Siemens v. Knebel, Civil No. C76–687M (W.D. Wash., filed Mar. 21, 1977), the court considered the same issue with which we are concerned. Ruling on a motion for summary judgment, the court concluded that "public assistance payments" in 29 U.S.C. § 821 did apply to food stamps. It found in section 821 a clear intention that food stamp benefits, along with other forms of assistance, should not be displaced by the incentive allowance.

█ We agree with the court in Siemens that when Congress enacted 29 U.S.C. § 821, it must have intended that CETA incentive allowances be disregarded in determining the cost of food stamps. Accordingly, we hold that DSHS erred in including those amounts in calculating appellants' "income". To the extent that they were deprived of benefits by DSHS's policy, appellants must be compensated by a prospective reduction in the cost of their food stamps. This remedy has been approved by the federal courts and seems appropriate in this instance. *See Carter v. Butz,* 479 F.2d 1084 (3d Cir. 1973), *cert. denied,* 414 U.S. 1094, 38 L. Ed. 2d 552, 94 S. Ct. 727 (1973).

Since appellants have prevailed on an appeal from a decision following an RCW 74.08.070 hearing, they are entitled to reasonable attorney's fees and costs. RCW

74.08.080. *Tofte v. Department of Social & Health Servs.*, 85 Wn.2d 161, 531 P.2d 808 (1975).

Reversed and remanded for further proceeding in accordance herewith.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

Reconsideration denied September 22, 1978.