[No. 11816–1–I.   Division One.   October 31, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS
EDWARD MARTIN, *Appellant.*

*Paris K. Kallas* and *Mary Van Gemert* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy X. Sullivan, Deputy,* for respondent.

[As amended by order of the Court of Appeals November 15, 1983.]

SCHOLFIELD, J.—Thomas E. Martin appeals a juvenile court order requiring him to spend 8 days in detention, alleging the trial judge erred in refusing to reduce his previously imposed sentence obligations by the equivalent amount of confinement time in accord with RCW 13.40-.200.[1] We remand for modification of the order.

---

[1] RCW 13.40.200 provides:

"(1) When a respondent fails to comply with an order of restitution, community supervision, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

"(2) *The hearing shall afford the respondent the same due process of law as would be afforded an adult probationer.* The court may issue a summons or a warrant to compel the respondent's appearance. The state shall have the burden of proving by a preponderance of the evidence the fact of the violation. The respondent shall have the burden of showing that the violation was not a willful refusal to comply with the terms of the order. If a respondent has failed to pay a fine or restitution or to perform community service hours, as required by the court, it shall be the respondent's burden to show that he or she did not have the means and could not reasonably have acquired the means to pay the fine or restitution or perform community service.

"(3)(a) If the court finds that a respondent has wilfully violated the terms of an order pursuant to subsections (1) and (2) of this section, it may impose a *penalty* of up to thirty days confinement.

"(b) If the violation of the terms of the order under (a) of this subsection is failure to pay fines, complete community service, or make restitution, the term of confinement imposed under (a) of this subsection shall be assessed at a rate of one day of confinement for each twenty–five dollars or eight hours owed." (Italics ours.)

On January 21, 1981, Martin pleaded guilty to charges of first degree criminal trespass and third degree theft and was sentenced to 30 days' confinement and 12 months' probation. Restitution was deferred until April 29, 1981, then set in the amount of $250. On December 8, 1981, Martin appeared at a hearing, admitted he had failed to pay $86.42 of the restitution, and was ordered to pay that amount. On the same day, Martin pleaded guilty to charges of second degree burglary, and was sentenced to 12 months' probation. He was ordered to serve 72 community service hours, serve 16 days in confinement, and undergo counseling.

May 24, 1982, a hearing was held to consider Martin's failure to pay the $86.42 restitution and his failure to perform the community service hours ordered on December 8, 1981. Martin admitted the allegations.

Martin's probation officer and the prosecutor recommended he be sentenced to 8 days' confinement—4 days for failure to pay the restitution and 4 days for failure to do the hours of community service. They recommended he also be required to pay all the $86.42 of restitution and perform 64 community service hours which remained after his performance of 7.5 of the original 72 hours.

Counsel for Martin objected, arguing that RCW 13.40.200 requires the court to give credit for the confinement time by reducing the hours and restitution imposed by the original sentence. The trial judge held he was not bound by the statute to give credit for hours or restitution, but could order confinement as punishment for failure to comply with the court's disposition order and also order full performance of the original sentence.

Martin appeals, alleging the trial judge erred in imposing a penalty of confinement under RCW 13.40.200 without reducing his original sentence obligations.

The State argues nothing in the statute requires that a court, which seeks to impose a penalty for willful violations of its orders, rescind the part of the order which has been violated. Had that been the legislative intention, the State argues, RCW 13.40.200 would have specifically stated the

court may impose a penalty of confinement *in lieu of* the fine, restitution, or performance of community service, as it did in RCW 13.40.250.[2]

The State contends that under Martin's interpretation, a juvenile who contumaciously chose not to perform community service or pay restitution could be penalized at the statutory rate set forth in RCW 13.40.200, but could escape a proportionate part of the sanctions imposed for the crime he committed, allowing the underlying crime to go unpunished. We do not agree.

In ruling on the punishment to be imposed for Martin's violation of the order to make restitution and serve community service hours, the judge interpreted the statute as discretionary and viewed the additional confinement time as in the nature of a penalty for contempt. He stated:

> I agree that the statute is there, but I don't think that it in any way infringes upon the Court's inherent powers to punish for contempt. It's a matter of discretion as I see it as to whether I wish to or the Court wishes to impose a sentence for violation of the Court's Order. That is to say, hold the person in contempt or to give him credit under the statute, but I think it's a discretionary matter with the Court and not with the Respondent.

A juvenile court has the statutory and inherent authority to punish a child for civil contempt[3] for violating its placement order for the purpose of compelling compliance with

---

[2]RCW 13.40.250 deals with juvenile traffic infractions and states, in part:

"(2) A monetary penalty imposed upon a juvenile under the age of sixteen who is found to have committed a traffic infraction may not exceed one hundred dollars. At the juvenile's request, the court may order performance of a number of hours of community service in lieu of a monetary penalty, at the rate of the prevailing state minimum wage per hour."

[3]RCW 7.20.040 states:

"In cases other than those mentioned in RCW 7.20.030 [contempt committed in the immediate view and presence of the court], before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance."

the order. However, the record must demonstrate egregious circumstances, and that all less restrictive alternatives have failed. *State v. Norlund,* 31 Wn. App. 725, 729, 644 P.2d 724 (1982). Where a contempt proceeding has only punishment as its purpose, it does not retain its civil character, and becomes instead a punitive criminal contempt proceeding. *State v. Heiner,* 29 Wn. App. 193, 197, 627 P.2d 983 (1981). *See Keller v. Keller,* 52 Wn.2d 84, 88–89, 323 P.2d 231 (1958). In a criminal contempt proceeding,[4] the State must file an information or complaint against the contemnor and then proceed as in any criminal case. *State v. Heiner,* 29 Wn. App. at 198. *See State v. Boren,* 42 Wn.2d 155, 253 P.2d 939 (1953).

Martin was not properly before the juvenile court on charges of either civil or criminal contempt. In a proceeding the purpose of which is other than determining guilt of contempt, a court is without authority, absent an appropriate pleading, to find a party in contempt for an act committed outside its presence. *Dimmick v. Hume,* 62 Wn.2d 407, 409, 382 P.2d 642 (1963); *Starkey v. Starkey,* 40 Wn.2d 307, 242 P.2d 1048 (1952); *Schaefer v. Schaefer,* 36 Wn.2d 514, 219 P.2d 114 (1950).

■■ Although RCW 13.40.200 describes the sanction for a willful violation of the terms of a disposition order as a penalty, we do not interpret the penalty as analogous to the contempt of court sanction. The statutory penalty is modification of the order and imposition of confinement at the specified rate in lieu of the offender's privilege of serving his sentence in the less restrictive manner authorized by the order of disposition. The statute does not authorize the judge to impose an additional sentence.

Restitution imposed as a part of an offender's sentencing is a condition of probation, a rehabilitative tool, not an award of civil damages. *See* RCW 13.40.020(17); *see also*

---

[4]RCW 9.23.010 states:

"Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor:"

*State v. Barr*, 99 Wn.2d 75, 658 P.2d 1247 (1983). Likewise, community service hours in lieu of detention are imposed as part of the juvenile offender's sentence. *See* RCW 13.40-.020(2); *In re Erickson*, 24 Wn. App. 808, 810, 604 P.2d 513 (1979). The hearing held pursuant to RCW 13.40.200, after a juvenile's violation of the court's disposition order, is more nearly analogous to a probation revocation proceeding than a contempt hearing. *See* RCW 13.40.200(2).

Where the purpose of adult criminal statutes is consistent with the purpose of the Juvenile Justice Act of 1977, RCW 13.40, court interpretations of adult criminal statutes may be applied in juvenile proceedings, in the absence of language to the contrary. *See State v. Bird*, 95 Wn.2d 83, 622 P.2d 1262 (1980) (statute authorizing suspended sentence not inconsistent with the purpose of RCW 13.40); *State v. Norton*, 25 Wn. App. 377, 606 P.2d 714 (1980) (dismissal following juvenile's restitution to victim consistent with statute authorizing compromise of misdemeanor). Similarly, the court should have applied the legal principles applicable to adult probation revocation proceedings in assessing the penalty for Martin's violation of the order of disposition. *See* RCW 9.95.220–.230.

In *Reanier v. Smith*, 83 Wn.2d 342, 517 P.2d 949 (1974), the Supreme Court held that pretrial detention time served by adults must be credited against maximum and mandatory minimum terms to avoid constitutional violations. The court recently extended the same protections to juveniles, rejecting the State's contention that pretrial detention for juveniles was not "punishment." *In re Trambitas*, 96 Wn.2d 329, 333, 635 P.2d 122 (1981).

In adult probation revocation proceedings for willful failure to pay a fine or restitution, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. *Bearden v. Georgia*, __ U.S. __, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983). The sentencing alternatives available upon a revocation of probation are the same as were available at the time of initial sentencing. Since the restitution and com-

munity service requirements were part of Martin's sentence, we believe the statute requires the judge to credit the detention time imposed under RCW 13.40.200(3) against the terms of his sentence. *See generally State v. Hultman,* 92 Wn.2d 736, 600 P.2d 1291 (1979); *In re Phelan,* 97 Wn.2d 590, 647 P.2d 1026 (1982). *See also In re Jenkins,* 32 Wn. App. 269, 647 P.2d 523 (1982); 3 American Bar Ass'n, *Standards for Criminal Justice,* Std. 18–7.3, at 508 (2d ed. 1980).

We remand for modification of the order to reduce Martin's sentence obligation by giving him credit for the confinement time imposed under RCW 13.40.200.

CALLOW, J., concurs.
ANDERSEN, C.J., concurs in the result.

Review granted by Supreme Court March 23, 1984.