[No. 50319-2.   En Banc.   August 2, 1984.]

THE STATE OF WASHINGTON, *Petitioner*, v. THOMAS EDWARD MARTIN, *Respondent*.

Norm Maleng, Prosecuting Attorney, and Patrick J. Schneider and Mark H. Sidran, Deputies, for petitioner.

Paris K. Kallas and Mary Van Gemert of Washington Appellate Defender Association, for respondent.

PEARSON, J.—Thomas Martin sought review of a juvenile court order requiring him to spend 8 days in detention as a penalty for failing to complete restitution and community service provisions of an earlier sentence. The Court of Appeals remanded for modification of the order, interpreting RCW 13.40.200 as requiring the reduction of Martin's restitution and community service obligations by giving credit for the penalty of confinement. *State v. Martin,* 36 Wn. App. 1, 670 P.2d 1082 (1983). We reverse the decision of the Court of Appeals and uphold the order of the juvenile court with modification.

On January 21, 1981, Martin pleaded guilty to charges of first degree criminal trespass and third degree theft. The juvenile court ordered that he serve 30 days' confinement and 12 months' probation. A hearing on restitution was deferred until April 29, 1981, and was then set at $250. On December 8, 1981, Martin appeared at a hearing, admitted he had failed to pay $86.42 of the restitution, and was ordered to pay that amount. At this hearing, Martin also pleaded guilty to a charge of second degree burglary. The court ordered that he devote 72 hours to community service and serve 16 days' confinement for this latter offense.

On May 24, 1982, a hearing was held where Martin admitted he had not paid the $86.42 restitution or per-

formed 32.5 hours of community service then owed. Pursuant to RCW 13.40.200, which provides guidelines for the imposition of penalties for willful violations of juvenile court orders, the State recommended that the court impose an additional 8 days' confinement and require completion of the restitution payments and community service previously ordered. Martin's counsel objected, arguing that under RCW 13.40.200, the days of confinement imposed as a penalty must be credited against the community service and restitution provisions of the original disposition order. The juvenile court disagreed and ordered Martin to serve 8 days' confinement and also complete the restitution and community service.

The relevant portions of RCW 13.40.200 provide:

(1) When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

(2) The hearing shall afford the respondent the same due process of law as would be afforded an adult probationer. The court may issue a summons or a warrant to compel the respondent's appearance. The state shall have the burden of proving by a preponderance of the evidence the fact of the violation. The respondent shall have the burden of showing that the violation was not a wilful refusal to comply with the terms of the order. If a respondent has failed to pay a fine, penalty assessments, or restitution or to perform community service hours, as required by the court, it shall be the respondent's burden to show that he or she did not have the means and could not reasonably have acquired the means to pay the fine, penalty assessments, or restitution or perform community service.

(3)(a) If the court finds that a respondent has wilfully violated the terms of an order pursuant to subsections (1) and (2) of this section, it may impose a *penalty* of up to thirty days confinement.

(b) If the violation of the terms of the order under (a) of this subsection is failure to pay fines, penalty assessments, complete community service, or make restitution, *the term of confinement imposed under (a) of this sub-*

*section shall be assessed at a rate of one day of confinement for each twenty–five dollars or eight hours owed.*

(Italics ours.)

This statute addresses the juvenile court's power to enforce its own disposition orders. Section 2 sets forth the procedures to follow in determining whether an order was willfully violated, and section 3 guides the court's discretion in imposing penalties for such violations. Using the formula set forth in section (3)(b) of the statute, the juvenile court in this case imposed 8 days' confinement—4 days for failing to pay $86.42 in restitution, and 4 days for failing to perform 32.5 hours of community service. The court apparently erred in computing the confinement time for failure to pay restitution. The correct amount is 3 days' confinement for failing to pay $86.42 in restitution. Unpaid restitution would have to equal at least $100 to justify a 4–day confinement. This must be corrected by the juvenile court on remand.

Martin argues that once a confinement penalty is imposed pursuant to RCW 13.40.200, unperformed restitution and community service obligations must be reduced by giving credit for confinement time at the rate set forth in section (3)(b) of the statute. He interprets section (3)(b) as requiring any penalty of confinement to be *in lieu of* the restitution and community service not performed. Accordingly, Martin argues, his 32 hours of community service and $86 of restitution should be eliminated due to the penalty imposed in his case.

The Court of Appeals agreed with Martin's interpretation of RCW 13.40.200, analogizing the provisions of the statute to adult probation revocation proceedings. *Martin,* at 6. Martin also contends that the "rule of lenity" compels his interpretation of the statute. The reasoning of the Court of Appeals and Martin's contention that the rule of lenity compels his interpretation presume RCW 13.40.200 is ambiguous with regard to its penalty provisions. We disagree.

In *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382

(1978), we applied the rule of lenity to the enhanced penalty provisions of the uniform firearms act. In *Workman,* we cited with approval language from *Simpson v. United States,* 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909 (1978), which provides:

> [It is] the policy of the court not to interpret a criminal statute so as to increase the penalty imposed, absent clear evidence of legislative intent to do so . . .

*Workman,* at 454 (citing *Simpson v. United States, supra* at 15–16). The rule of lenity also requires "that in a criminal case any ambiguity in a statute must be resolved in favor of the defendant." *State ex rel. McDonald v. Whatcom Cy. Dist. Court,* 92 Wn.2d 35, 37–38, 593 P.2d 546 (1979).

Reviewing various provisions of the Juvenile Justice Act of 1977 (RCW 13.40), we find no ambiguity with regard to the penalty provisions in RCW 13.40.200. The brief recitation of the legislative intent behind the juvenile justice act, found in RCW 13.40.010, shows the strong policy behind the restitution and community service provisions in the act. RCW 13.40.010(2)(c) provides that one of the purposes of the act is to "[m]ake the juvenile offender accountable for his or her criminal behavior". RCW 13.40-.010(2)(g) states that juvenile offenders should be handled by their communities whenever possible. RCW 13.40-.010(2)(h) states that another purpose of the act is to "[p]rovide for restitution to victims of crime". Furthermore, RCW 13.40.190(1) provides that the court "shall" require restitution and that restitution "shall be in addition to any punishment which is imposed pursuant to the other provisions of this chapter" unless the juvenile is unable to make restitution.

Had the Legislature intended the confinement penalty to be credited against the restitution and community service portions of the original disposition, it would have specifically stated "in lieu of", as it did in RCW 13.40.250(2):

> A monetary penalty imposed upon a juvenile under the age of sixteen who is found to have committed a traffic

infraction may not exceed one hundred dollars. At the juvenile's request, the court may order performance of a number of hours of community service *in lieu of* a monetary penalty, at the rate of the prevailing state minimum wage per hour.

(Italics ours.)

To interpret RCW 13.40.200(3)(b) as requiring a penalty of confinement to be in lieu of the unperformed restitution and community service is contrary to the clear legislative intent behind the juvenile justice act. *See also In re Hoffer,* 34 Wn. App. 82, 86–87, 659 P.2d 1124 (1983).

The decision of the Court of Appeals is reversed. The juvenile court's error in computing the penalty for unpaid restitution shall be corrected in accord with this decision.

WILLIAMS, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM and HAMILTON, JJ. Pro Tem., concur.

Reconsideration denied September 19, 1984.