[No. 18146–7–I.   Division One.   December 1, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES LEE GARRISON, *Appellant*.

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Stuart Heath, Deputy,* for respondent.

PER CURIAM.—James Lee Garrison has filed a motion for accelerated review of his sentence under RAP 18.15, alleging the sentencing court erred in calculating his offender score under the Sentencing Reform Act of 1981. We grant the motion and consider the matter on its merits, without oral argument. RAP 11.6.

## FACTS

Garrison appeals a judgment and sentence entered following his plea of guilty to the crime of burglary in the second degree in King County cause 85–1–03858–1. Prior to the commission of the offense, Garrison had been found guilty of two burglaries. Between the date Garrison committed the current offense and the date of sentencing, Garrison was also convicted of escape and another burglary. The sentencing court used these four convictions in calculating his offender score of 4. Relying upon the offender score of 4, the court computed Garrison's presumptive sentence range to be between 12 plus and 14 months.

On March 12, 1986, Garrison was sentenced to a term of 13 months in the custody of the Department of Corrections. Following the filing of a notice of appeal, Garrison moved for accelerated review, claiming his sentence was outside the presumptive range.

## DECISION

The key issue presented in this case is whether crimes committed before the current offense, but not adjudicated until after it, can be considered "prior convictions" for pur-

poses of calculating a defendant's offender score under the Sentencing Reform Act of 1981. Garrison contends the trial court erred in computing his presumptive sentence range to be 12 plus to 14 months. He claims that RCW 9.94A.360 is ambiguous because the term "prior conviction" is susceptible to two equally reasonable interpretations. "Prior convictions are used to determine the offender score which in turn is used to determine the applicable presumptive standard sentence range." *State v. Ammons*, 105 Wn.2d 175, 186, 713 P.2d 719, 718 P.2d 796 (1986).

A statute is ambiguous if it is susceptible to two or more reasonable interpretations. *Adams v. Department of Social & Health Servs.*, 38 Wn. App. 13, 16, 683 P.2d 1133 (1984). The sentencing reform act does not define the term "prior conviction." Garrison relies upon the definition of "criminal history" found in the Juvenile Justice Act of 1977 to support his argument that prior convictions must be limited to those offenses adjudicated prior to the commission of the current offense. "Criminal history" is defined in the juvenile justice act to include all criminal complaints filed against an accused juvenile which, prior to the commission of the current offense, have been found correct by a court. RCW 13.40.020(6)(a).

Garrison was found guilty of two of his prior convictions after the commission of the current offense. Thus, he argues, these convictions cannot be used in computing his presumptive range and the true presumptive range should be 3 to 9 months. We disagree.

"In construing an ambiguous criminal statute, the rule of lenity requires us to adopt the interpretation most favorable to the defendant." *State v. Welty*, 44 Wn. App. 281, 283, 726 P.2d 472 (1986). Courts will not, however, construe a statute in such a forced manner as to defeat the manifest intent of the Legislature. *State v. Hartley*, 41 Wn. App. 669, 673, 705 P.2d 821, *review denied*, 104 Wn.2d 1028 (1985). "In determining the meaning of a word as used in a particular instance, regard must necessarily be had to the subject matter in connection with which it is used, and also

to the context of the statute wherein it may be employed."
*Cady v. Kerr,* 11 Wn.2d 1, 10, 118 P.2d 182, 137 A.L.R. 713
(1941).

■ The purposes and policies underlying the juvenile
justice act are significantly different from the purposes and
policies of the sentencing reform act. The fundamental dif-
ferences between the juvenile justice act and the sentencing
reform act are aptly explained in *State v. Rice,* 98 Wn.2d
384, 393, 655 P.2d 1145 (1982):

> [T]he [juvenile justice act] has not utterly abandoned the
> rehabilitative ideal which impelled the juvenile justice
> system for decades. It does not embrace a purely punitive
> or retributive philosophy. Instead, it attempts to tread an
> equatorial line somewhere midway between the poles of
> rehabilitation and retribution.
>
> The adult sentencing system, on the other hand, does
> not place such importance on rehabilitation. The fifth
> purpose of the Sentencing Reform Act of 1981 is to
> "[o]ffer the offender an opportunity to improve him or
> herself". Offering a chance of self–improvement does not
> suggest to us the same degree of commitment to rehabil-
> itation as is expressed by the Legislature in the [juvenile
> justice act]. Punishment is the paramount purpose of the
> adult sentencing system.

*Accord, State v. Beard,* 39 Wn. App. 601, 606, 694 P.2d 692,
*review denied,* 103 Wn.2d 1032 (1985).

Although the Supreme Court in *State v. Oxborrow,* 106
Wn.2d 525, 531, 723 P.2d 1123 (1986) recently used lan-
guage in the juvenile justice act as a means of interpreting
the term "clearly excessive" in the sentencing reform act,
that case is clearly distinguishable. In *Oxborrow* the court
recognized that the interpretation of the words "clearly
excessive" in the juvenile justice act coincided with the rec-
ommendations of the Sentencing Guidelines Commission to
the Legislature in 1983. *State v. Oxborrow, supra* at 530–
31.

Unlike the sentencing reform act, the emphasis of the
juvenile justice act remains on the interest, welfare, and
rehabilitation of the individual offender. *State v. Lawley,*

91 Wn.2d 654, 658, 591 P.2d 772 (1979). To interpret the term "prior conviction" as Garrison wishes would utterly frustrate the paramount purpose of the sentencing reform act, *i.e.*, to hold an adult accountable for his criminal acts. *State v. Rice, supra.*

Further, the law is well settled that courts, in construing statutes, are to avoid absurd results. *State v. Hartley, supra.* To construe the words "prior conviction" as Garrison argues would lead to just such a result. Since its inception, the sentencing reform act has included other *current* offenses in the calculation of a defendant's criminal history. Former RCW 9.94A.400(1)(a) provides that,

> whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history.

The use of other current offenses as criminal history is inconsistent with a definition of "prior conviction" which would exclude convictions for crimes committed before the current offense but not adjudicated until after the commission of the current offense.

In addition, the Legislature recently amended RCW 9.94A.360(1) to include a definition of "prior conviction" as "a conviction which exists *before the date of sentencing* for the offense for which the offender score is being computed." (Italics ours.) Laws of 1986, ch. 257, § 25, p. 932. Although RCW 9.94A.360 as written prior to its 1986 amendment controls, the amendment clearly clarifies what the Legislature intended in the original statute. *In re Hunter,* 106 Wn.2d 493, 498, 723 P.2d 431 (1986). As explained in *Williams v. Pierce Cy.,* 13 Wn. App. 755, 760, 537 P.2d 856 (1975):

> Frequently it is held that where a statute, particularly one of doubtful meaning, is amended by a subsequent enactment so as to make it more certain, the subsequent amendment is a strong indicator of the legislative intention with respect to the original provision.

In this case, the definition of "prior conviction" found in

the amendment merely clarifies the meaning of the former statute rather than effectuating any material change in the law. Because Garrison's four prior convictions were each adjudicated before he was sentenced in cause 85–1–03858–1, the trial court correctly used them in calculating his offender score at 4.

We therefore find that a sentencing court may consider any valid conviction which exists prior to the date of sentencing in computing the offender score under the sentencing reform act.

The motion for accelerated review is granted and the sentence is affirmed.