[Nos. 15400-9-III; 16529-9-III.    Division Three.    June 25, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. DOW A. GORDON, *Appellant*.

*In the Matter of the Personal Restraint of* DOW A. GORDON, *Petitioner.*

*Jeffrey C. Barker* of *Barker & Howard*, for appellant/ petitioner.

*Gary A. Riesen, Prosecuting Attorney*, and *James A. Hershey, Deputy*, for respondent.

BROWN, J. — Our focus today is whether a controlled substance violation under RCW 69.50.435 in a public park created and maintained by a public utility district on its land triggers the sentencing enhancement provisions of RCW 9.94A.310(6). We hold it does and reject Dow A. Gordon's contention that a Public Utility District (PUD) is not a "local government" within the meaning of RCW 69.50.435(f)(4), because a PUD is not specified to have the power to acquire by eminent domain or to create a public park under RCW 67.20.010. We also find no merit in Mr. Gordon's personal restraint petition. Accordingly, we affirm the jury's verdict against him for three counts of delivery of a controlled substance, heroin, and one count of possession of a con-

trolled substance, heroin, and the trial court's enhance-
ment of his standard range sentence by 24 months.

## FACTS

Mr. Gordon met with confidential informants near In-
galls Creek Lodge in Chelan County twice in July 1995. He
sold heroin each time. Between the two deliveries, Mr. Gor-
don also sold the informants heroin in a public park near
Rocky Reach Dam maintained by Chelan County Public
Utility District No. 1.

When Mr. Gordon was arrested after the third delivery,
the police duly seized and searched the Nissan Pathfinder
that Mr. Gordon had occupied. The police found a jacket in
the Pathfinder belonging to him containing a vial of heroin
and a shaving kit containing another vial of heroin. Mr.
Gordon admitted the heroin was his. He was then charged
by information with three counts of delivery of a controlled
substance and one count of possession of a controlled
substance.

After his arrest, Mr. Gordon agreed to assist authorities
as a confidential informant and spent about a day out of
custody under their supervision. Mr. Gordon gave oral and
written statements admitting his guilt and providing names
of other individuals involved in drugs in an effort to miti-
gate his sentence. In open court and with Mr. Gordon's as-
sent on the record, his attorney waived his CrR 3.5 hear-
ing.

A jury found Mr. Gordon guilty on all counts. A special
verdict was returned declaring the delivery in count two to
have taken place in a public park. The judge sentenced Mr.
Gordon to a standard range first-offender sentence of 108
months in prison, including a 24-month sentence enhance-
ment for selling heroin in a public park. Mr. Gordon's prior
Canadian drug conviction was not included in his criminal

history. We consider Mr. Gordon's appeal and personal restraint petition (PRP) together.

ANALYSIS

Sentencing Enhancement. Mr. Gordon contends he did not deliver the substance in a public park. A "public park" is "land, including any facilities or improvements on the land, that is operated as a park by the state or a local government." RCW 69.50.435. Mr. Gordon contends Chelan County Public Utility District No. 1 is not a "local government," but concedes the location appears to be a park in the common sense and that the PUD is a municipal corporation.

■■■ Mr. Gordon argues RCW 69.50.435(f)(4) is ambiguous because the Legislature did not define "local government." He contends RCW 67.20.010 does not specify PUD's as governmental entities empowered to create public parks using eminent domain. When a statute is clear on its face, it is not subject to judicial interpretation. *Marquis v. City of Spokane*, 130 Wn.2d 97, 107, 922 P.2d 43 (1996). However, when a statute is ambiguous judicial interpretation is permitted. *State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996). When interpreting a statute, the court should give effect to the purpose of the Legislature. *King County v. Taxpayers of King County*, 104 Wn.2d 1, 5, 700 P.2d 1143 (1985). Courts should avoid construing a statute in a manner which results in unlikely, strange or absurd consequences. *State v. Contreras*, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994).

The plain and ordinary meaning of "local government" includes a public utility district, a municipal corporation. The Legislature's intent of including public utility districts is exemplified by its definition of local government in other statutes. *See* RCW 84.33.100(3), RCW 84.34.310(3), RCW 84.38.020, RCW 48.62.021(1), and RCW 39.96.020(3). These definitions all include public utility districts. While these definitions would not specifically apply to RCW 69.50.435,

they are still useful in determining the Legislature's intent regarding local government. Additionally, it is irrelevant that the PUD is not specifically provided the power of eminent domain under RCW 67.20.010 because the park is on land maintained by the PUD as part of the Rocky Reach Dam site.

We conclude the Legislature did not intend drug dealing in public utility district maintained parks to be less of a crime than in any other municipal corporation park maintained, for example, by a city or county. This is especially true in light of the statute's purpose, which in general is to keep drug dealers away from children. *State v. Coria*, 120 Wn.2d 156, 172, 839 P.2d 890 (1992).

Mr. Gordon further contends the rule of lenity applies. The rule of lenity provides that when a criminal statute is subject to two or more interpretations, then the court must adopt the interpretation most favorable to the defendant. *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991). However, courts will not construe a statute to defeat the manifest intent of the Legislature. *State v. Garrison*, 46 Wn. App. 52, 54, 728 P.2d 1102 (1986). Moreover, Mr. Gordon's argument would conflict with the intent of the Legislature to create certain drug-free zones.

Since we conclude a public utility district is included in the definition of "local government," then a park maintained by the district is a public park for purposes of applying the sentencing enhancement. Therefore, the jury was correct to find Mr. Gordon sold heroin in a public park and it was proper for the court to impose the 24-month sentencing enhancement.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

420

SCHULTHEIS, C.J., and KATO, J., concur.

Review denied at 137 Wn.2d 1008 (1999).