**FILED**
**DECEMBER 15, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of the Personal Restraint Petition of | ) ) ) | No. 37036-4-III |
| JOSEPH RUSSELL POOL, | ) ) ) ) ) | UNPUBLISHED OPINION |

FEARING, J. — In this personal restraint petition, Jeffrey Pool asks this court to vacate and dismiss his convictions for kidnapping in the first degree under the doctrine of merger. He also seeks dismissal for his assault convictions. Finally, he challenges the calculation of his offender score. We grant his request to dismiss assault convictions.

FACTS

Jeffrey Pool's convictions arise from two armed robberies of Cheney's Dollar Tree store. The first robbery occurred on May 30, 2015. Assistant Manager Thomas Busby and store employee Mikaela Norrish then occupied the store premises. No customers were present. Pool pointed a gun at Busby and eventually procured

approximately $2,500 of the store's money from Busby through the implied threat of deadly force. By use of the gun, Pool directed the movements of Busby and Norrish inside the store during the robbery. He forced the victims to discard their cell phones, marched them from the back office to the front of the store, and directed them where to look as he exited the store.

On July 9, 2016, Jeffrey Pool returned to the Cheney Dollar Tree and robbed the store again. Assistant Manager Thomas Busby and employee Sarah Cousins were present. A brief scuffle arose between Pool and Busby. The scuffle ended when Pool pressed a gun against Busby's back. Pool restrained Busby with flex cuffs. When Cousins approached the two, Pool released Busby from the restraints and substituted Cousins as a hostage. Pool directed Busby to direct the two remaining customers to leave the premises. After Busby accomplished the task, Pool directed both employees to move to the store's office, discard their cell phones, and hand him the store's cash. The employees complied with all demands, and Pool escaped.

PROCEDURE

The State of Washington charged Jeffrey Pool with two counts of robbery in the first degree, four counts of kidnapping in the first degree, and four counts of second degree assault. We outline the dates and victims for each of the ten crimes as follows:

- counts II, V, and IX correspond to the May 2015 robbery, assault, and kidnapping

of Thomas Busby;
- counts VI and X correspond to the May 2015 assault and kidnapping of Mikaela Norrish;
- counts I, III, and VII correspond to the July 2016 robbery, assault, and kidnapping of Thomas Busby; and
- counts IV and VIII correspond to the July 2016 assault and kidnapping of Sarah Cousins.

The State thereby charged: two counts of robbery in the first degree, on two discrete dates, involving victim Busby; four counts of assault in the second degree, from two different dates, one each respectively involving victims Cousins and Norrish and two involving victim Busby; and four counts of kidnapping in the first degree, from two different dates, involving the same three victims as the crimes of assault.

The jury instructions in Jeffrey Pool's prosecution named a victim for eight of the counts consistent with the information. Nevertheless, the to-convict instructions on robbery omitted naming a victim. During closing argument, the State did not identify the victim or victims of the robberies. Cf. 5 RP 860 (closing argument).

In 2017, a Spokane County Superior Court jury found Jeffrey Pool guilty on all counts. During sentencing, the trial court scored the assaults as the same criminal conduct as the robberies. Jeffrey Pool remains incarcerated pursuant to the ten convictions.

On direct appeal, Jeffrey Pool challenged his convictions on the grounds of evidentiary error and prosecutorial misconduct. *State v. Pool*, No. 35296-0-III, slip op. at

1 (Wash. Ct. App. October 30, 2018) (Unpublished), http://www.courts.wa.gov.opinions/ pdf/352960_unp.pdf.  This court affirmed.

Jeffrey Pool's sentence became final on issuance of this court's mandate on March 26, 2019.  RCW 10.73.090(3)(b).  On September 3, 2019, Pool, acting pro se, filed this personal restraint petition.  Accordingly, Pool timely filed his petition.  RCW 10.73.090(1).  In his petition, Pool contends that his kidnapping convictions merge with his robbery convictions, because the kidnappings raised the level in the degree of the robbery charges.  He also contends the sentencing court committed error when assigning him an offender score.

After preliminary review, this court directed a response from the State. RAP 16.8.1(d).  The State responded and Jeffrey Pool replied.  After further consideration, the court determined that the petition was not frivolous and appointed counsel to file a supplemental brief.  RAP 16.11(b), RCW 10.73.150(4).  Appointed counsel filed a supplemental brief and concurrently filed a motion to raise new issues.

Counsel for petitioner Jeffrey Pool asserts at least three propositions in addition to Pool's challenges.  First, assuming the kidnapping and robbery convictions do not merge, the two violate double jeopardy under the *Blockburger* test.  *Blockburger v. United States¸* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).  Second, if the assault and robbery convictions do not merge, any assault convictions violate double jeopardy under

4

the *Blockburger* test. Third, if convictions for assaulting the two female employees do not merge with the kidnapping convictions, the assault convictions still violate double jeopardy under the *Blockburger* test. We deny counsel's motion to raise additional issues not raised by the petitioner, and also deny counsel's motion to file a supplemental reply brief. We otherwise review Pool's arguments of merger and miscalculation of his offender score.

## LAW AND ANALYSIS

To obtain relief in a personal restraint petition, the petitioner must show actual and substantial prejudice resulting from alleged constitutional errors or, for alleged nonconstitutional errors, a fundamental defect that inherently results in a complete miscarriage of justice. *In re Personal Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). To avoid dismissal of the petition, the petitioner must support claims with facts and not merely bald or conclusory allegations. *In re Personal Restraint of Cook*, 114 Wn.2d at 813-14. The supporting evidence must be based on "more than speculation, conjecture, or inadmissible hearsay." *In re Personal Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). This court will dismiss a petition if it "fails to present an arguable basis for relief in law or in fact, given the constraints of the personal restraint petition vehicle." *In re Personal Restraint of Khan*, 184 Wn.2d 679, 686-87, 363 P.3d 577 (2015) (plurality opinion).

5

*Issue 1: Do the kidnapping convictions merge with the robbery convictions?*

*Answer 1: No.*

Jeffrey Pool argues that insufficient evidence proved that he acted with intent to "abduct" or "restrain" any of his victims in any manner beyond the action he took to complete the robberies. Although Pool frames his contention as one of sufficiency of evidence, the argument poses the question of whether any convictions for kidnapping should merge with convictions for robbery.

Courts use the merger doctrine to determine whether the legislature intended multiple punishments to apply to particular offenses. *State v. Saunders*, 120 Wn. App. 800, 820, 86 P.3d 232 (2004). Merger applies only when a crime is elevated to a higher degree by proof of another crime proscribed elsewhere in the criminal code. *State v. Saunders*, 120 Wn. App. at 820. When proof of one offense is a necessary element of another offense, the less serious offense will generally merge into the more serious offense and the court may not punish the lesser offense separately. *State v. Saunders*, 120 Wn. App. at 821.

To establish that his kidnapping convictions merge with his robbery convictions, Jeffrey Pool relies on *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980) (lead opinion of Stafford, J.), 235 (concurring opinion of Utter, C.J.). In *Green*, the Washington State Supreme Court held that the mere incidental restraint of the movement of a victim, which

might occur during the course of a homicide, does not standing alone establish "a true kidnapping." *State v. Green*, 94 Wn.2d at 227. Accordingly, the Supreme Court ordered the defendant's first degree murder conviction, which the State premised on the purported kidnapping, vacated. Pool asks this court to extend the reasoning of *Green* to robberies and vacate his kidnapping convictions because the kidnappings were incidental to the robberies.

After *State v. Green*, the Washington Supreme Court decided *State v. Berg*, 181 Wn.2d 857, 337 P.3d 310 (2014). In *Berg*, the Supreme Court held that, when the State charges kidnapping and robbery separately, the kidnapping activity is not incidental to the robbery if the State presents sufficient evidence to convict the accused of kidnapping. *State v. Berg*, 181 Wn.2d at 860. The court reasoned that *Green*'s ruling and the merger doctrine apply only when one crime is an element of another crime. Kidnapping and robbery are not required elements of each other, and therefore never merge. Based on this holding, the Supreme Court ordered that the defendant's kidnapping convictions be reinstated.

In a pro se reply memorandum, Jeffrey Pool may seek to transform his merger claim into a challenge to the sufficiency of the evidence of his kidnapping. But he bootstraps merger arguments about the kidnapping being incidental to the robbery into his sufficiency analysis. If Pool's reply raises a true sufficiency claim, the law bars the

claim as being raised for the first time in a reply. *In re Personal Restraint of Peterson*, 99 Wn. App. 673, 681, 995 P.2d 83 (2000); *In re Personal Restraint of Rhem*, 188 Wn.2d 321, 327, 394 P.3d 367 (2017).

Any test to the sufficiency of evidence also fails because of inadequate briefing due to Jeffrey Pool's confusion of two distinct legal doctrines and failure to argue the appropriate standards for reversal. The petitioner should not place the appellate court into the role of crafting issues. *In re Personal Restraint of Rhem*, 188 Wn.2d 321, 328 (2017). We hold pro se petitioners to the same pleading standards as attorneys. *In re Personal Restraint of Rhem*, 188 Wn.2d at 328

Jeffrey Pool's appointed counsel raises a true insufficiency of evidence claim. The crime of kidnapping as charged had two separate mens rea elements: intent to abduct and intent to facilitate commission of a felony. RCW 9A.40.020(1)(b). Pool, through counsel, asserts that the State only proved intent to facilitate a felony.

Because Jeffrey Pool failed to adequately raise the issue himself, we previously entered an order declining a motion by counsel to add a new issue. We do not entertain counsel's attempt to raise new issues when petitioner could have earlier raised the issue, but failed to adequately address the issue. *In re Personal Restraint of Rhem*, 188 Wn.2d at 327.

We would also reject the challenge to the sufficiency of evidence because of the failure to adequately analyze the challenge. Counsel's supplemental brief merely asserts, without analysis, the State failed to present evidence of an intent to abduct. Such conclusory allegations do not merit judicial review on direct appeal, let alone during a collateral attack. In a personal restraint petition, the petitioner must analyze the issue and apply the facts to the law. *In re Personal Restraint of Cook*, 114 Wn.2d 802, 813-14 (1990). Counsel cites to the applicable standard of review—that the evidence is viewed in the light most favorable to the State—but does not attempt to apply the facts. Counsel cites to an inapplicable nonkidnapping decision, wherein the trial court erroneously instructed the jury on knowledge and intent. Counsel does not cite to any decision wherein the State proved only one of the two mens rea for kidnapping.

Finally, we would reject the challenge to the evidence on the merits. Intent means to "act[] with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Under this definition, purposefully pointing a gun at someone in order to coerce submission and direct his or her movement in order to use that person to unlawfully take cash from a business constitutes an intentional abduction and also illustrates the intent to facilitate commission of a felony. When the abduction is intentionally accomplished through the use or threat of deadly force, it will always overlap with the intentional use or threat of force required to prove robbery.

9

*Issue 2: Do the assault convictions merge with the robbery convictions?*

*Answer 2: Yes, as to the two assaults of Thomas Busby. No, as to the assaults of Mikaela Norrish and Sara Cousins.*

Case law supports merging the assaults against Thomas Busby into the robberies, but does not support merger of the two assault against the two women employees. The State nobly concedes the error and agrees to remand this prosecution to the superior court to vacate the two convictions based on the assaults of Busby.

The State convicted Jeffrey Pool of assault in the second degree, which level of assault entails use of a deadly weapon. In *State v. Freeman*, 153 Wn.2d 765, 108 P.3d 753 (2005), the Supreme Court held that second degree assault merges with robbery in the first degree because the act of assaulting someone with a deadly weapon elevates robbery in the second degree to the first degree. The information alleged and evidence supported Thomas Busby being the victim of both robberies and the victim of two assaults stemming from the robberies. Therefore, those assault convictions merge with the robbery convictions.

The State did not allege in the information that Sara Cousins and Mikaela Norrish were victims of the robbery. Nevertheless, the doctrine of merger does not limit its application to allegations in the information, but also extends to the presentation to the jury. *State v. Kier*, 164 Wn.2d 798, 808, 194 P.3d 212 (2008).

10

The jury instructions for the two counts of robbery, in Jeffrey Pool's prosecution, omitted naming a victim. During closing argument, the prosecuting attorney did not identify the alleged victim or victims for the robbery. When the jury lacks an identified victim, the Supreme Court has applied the rule of lenity to hold that second degree assault merges with first degree robbery. *State v. Kier*, 164 Wn.2d at 814. Based on the *Kier* holding, Pool argues that the other two assault convictions should also merge with the robbery convictions.

We distinguish *State v. Kier*, 164 Wn.2d 798 (2008). The State did not separate the victims in *Kier* into multiple assault counts either in the information or the jury instructions. A single assault count named two victims and a single robbery count named the same two victims. Thus, the prosecution presented only one count for purposes of merger into the other one count.

We contrast *State v. Chesnokov*, 175 Wn. App. 345, 305 P.3d 1103 (2013) with *State v. Kier*. In *State v. Chesnokov*, the State charged a separate assault count for each victim and named the victim and a single robbery count without specifying a victim. The court held that one of the assaults merged into the robbery. The court, however, refused to merge each assault into the robbery because only one assault was necessary to elevate robbery in the second degree to robbery in the first degree.

11

We deem the reasoning behind *State v. Chesnokov* persuasive because the merger doctrine seeks to prevent the same crimes from being punished twice. In turn, four assault convictions do not merge with each other when each conviction had a separate victim. *State v. Larkin*, 70 Wn. App. 349, 358, 853 P.2d 451 (1993). Crimes against multiple victims do not merge. *State v. Larkin*, 70 Wn. App. at 358. If the State charges assaults against varying victims separately and convictions for those assaults do not merge with each other, it follows that only one assault from each incident would be needed to elevate each robbery to a higher degree.

Because the sentencing court scored the assault convictions with the robbery convictions on the theory that the convictions involved the same criminal conduct, we question whether Jeffrey Pool suffered the prejudice needed to succeed in a personal restraint petition. *In re Personal Restraint of Brockie*, 178 Wn.2d 532, 539, 309 P.3d 498 (2013). Nevertheless, because the State agrees to remand the case for vacation of two of the assault convictions, we grant Pool relief as to the two assault convictions based on Thomas Busby being the victim.

*Issue 3: Did the trial court incorrectly calculate Mr. Pool's offender score?*

*Answer 3: No, but the judgment and sentence contains a scrivener's error.*

Jeffrey Pool contends his offender score for count VII, kidnapping of Thomas Busby on in July 2016, should be 0, per RCW 9.94A.589(1)(b), a provision that

addresses scoring of multiple "serious violent offenses." Pool argues that, because "violent offenses" are the same criminal conduct with the kidnapping count, no other current offenses should be scored against count VII.

We conclude that the judgment and sentence contains two errors, but not as argued by Jeffrey Pool. Following is the sentencing table that appeared in Pool's judgment and sentence. We highlight the errors and changes needed to conform to our merger doctrine ruling.

**2.3 Sentencing Data:**

| Count No. | Offender Score | Serious-ness Level | Standard Range (not including enhancements) | Plus Enhancements * | Total Standard Range (including enhancements) | Maximum Term |
|---|---|---|---|---|---|---|
| I | 6 | IX | 77 – 102 months | N/A | 77 – 102 months | Life |
| II | 6 | IX | 77 – 102 months | N/A | 77 – 102 months | Life |
| III | 6 | IV | 33 – 43 months | N/A | 33 – 43 months | 10 years |
| IV | 6 | IV | 33 – 43 months | N/A | 33 – 43 months | 10 years |
| V | 6 | IV | 33 – 43 months | N/A | 33 – 43 months | 10 years |
| VI | 6 | IV | 33 – 43 months | N/A | 33 – 43 months | 10 years |
| VII | 6 | X | 98 – 130 months | N/A | 98 – 130 months | Life |
| VIII | 6 | X | 51 – 68 | N/A | 51 – 68 months | Life |

| | | | months | | | |
|---|---|---|---|---|---|---|
| IX | 6 | X | 51 – 68 months | N/A | 51 – 68 months | Life |
| X | 6 | X | 51 – 68 months | N/A | 51 – 68 months | Life |

At sentencing, the trial court found that counts 1 (robbery), 3 (assault), and 7 (kidnapping) encompassed a single criminal act, that counts 2 (robbery), 5 (assault), and 9 (kidnapping) encompassed a second criminal act, that counts 6 (assault) and 10 (kidnapping) encompassed a third criminal act, and that counts 4 (assault) and 8 (kidnapping) encompassed a fourth criminal act. The trial court's ruling deemed all criminal acts against each of the victims on the respective dates to constitute one criminal act.

The table recreated above declares that Jeffrey Pool garnered an offender score of 6 for each crime. For counts 1-7, the table lists the standard range for an offender score of 6. But, for counts 8, 9, and 10, the table lists the standard range for an offender score of 0, despite listing an offender score of 6. The listed ranges are correct, but the listed offender score of counts 8-10 requires correction because of the application of RCW 9.94A.589(1)(b) to scoring of multiple serious violent offenses. We deem the error to be a scrivener's error. Scrivener's errors need not survive the personal restraint petition standard of proof of prejudice because such errors may be corrected at any time on identification. CrR 7.8(a).

14

On the same ground, Jeffrey Pool argues that his offender score on count 7 should also be 0. We disagree. Under RCW 9.94A.589(1)(b), when a court sentences the offender for multiple current "serious violent offenses," the court should only score the first of the offenses. Kidnapping in the first degree is a serious violent offense. RCW 9.94A.030(46)(vi). Thus, one of Mr. Pool's kidnapping convictions, count 7, is scored normally and the other kidnapping convictions are scored as a 0 and run consecutive to each other. RCW 9.94A.589(1)(b).

The scored "serious violent offense" also includes all other current "violent" and nonviolent offenses, but not the other current "serious violent offenses." RCW 9.94A.589(1)(b). Current and prior "violent offenses" are scored at two points each. RCW 9.94A.525(9). The other offenses in Jeffrey Pool's prosecution, robbery and assault, are all "violent offenses." RCW 9.94A.030(55). Because three of those "violent offenses" are separate and distinct from the scored kidnapping conviction, the offender score for count 7 is 6.

Jeffrey Pool counters that each of the separate and distinct "violent offenses" are also the same criminal conduct with a nonscored "serious violent offense," and so none of the "violent offenses" should be scored. In essence, he argues that kidnappings subsume the robberies and assaults not just for purposes of concurrent or consecutive sentences, but also for purposes of an offender score.

15

We agree that, if RCW 9.94A.589 stood alone, we would rule in favor of Jeffrey Pool because we must resolve an ambiguity in the statute in favor of him under the rule of lenity. But Pool ignores another statute. Under RCW 9.94A.525(5)(a)(i), when multiple offenses constitute the same criminal conduct, we use the offense with the highest offender score in calculating other offenses' offender scores. Although RCW 9.94A.525(5)(a)(i) is phrased in terms of scoring prior offenses, the law scores current convictions "as if they were prior convictions for the purpose of the offender score." RCW 9.94A.589(1)(a). Because counting the "violent offenses" yields a higher offender score, we use the violent offenses to calculate the offender score for count 7 instead of the other kidnapping convictions.

With the exception of the scrivener's errors and the merged offenses, the offender score and sentencing data initially assigned by the sentencing court for Jeffrey Pool remain correct. Because the merged offenses were already found to be the same criminal conduct with other offenses, the offender scores remain unchanged and standard ranges remain unchanged.

With the corrections, Jeffrey Pool's sentencing table follows:

**2.3 Sentencing Data:**

| Count No. | Offender Score | Serious -ness Level | Standard Range (not including enhancements) | Plus Enhancements * | Total Standard Range (including enhancements) | Maximum Term |
|---|---|---|---|---|---|---|
| I | 6 | IX | 77 – 102 months | N/A | 77 – 102 months | Life |
| II | 6 | IX | 77 – 102 months | N/A | 77 – 102 months | Life |
| ~~III~~ | ~~Dismissed~~ | | ~~N/A~~ | ~~N/A~~ | ~~N/A~~ | ~~N/A~~ |
| IV | 6 | IV | 33 – 43 months | N/A | 33 – 43 months | 10 years |
| ~~V~~ | ~~Dismissed~~ | | ~~N/A~~ | ~~N/A~~ | ~~N/A~~ | ~~N/A~~ |
| VI | 6 | IV | 33 – 43 months | N/A | 33 – 43 months | 10 years |
| VII | 6 | X | 98 – 130 months | N/A | 98 – 130 months | Life |
| VIII | 0 | X | 51 – 68 months | N/A | 51 – 68 months | Life |
| IX | 0 | X | 51 – 68 months | N/A | 51 – 68 months | Life |
| X | 0 | X | 51 – 68 months | N/A | 51 – 68 months | Life |

No. 37036-4-III
*In re Personal Restraint of Pool*

CONCLUSION

We remand to the superior court to vacate Jeffrey Pool's two convictions for assault of Thomas Busby. We also remand to correct Pool's judgment and sentence consistent with our opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.

18