
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 38099-8-III |
| JORGE GARCIA, | ) | (consolidated with |
| | ) | No. 38122-6-III) |
| Petitioner. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

SIDDOWAY, A.C.J. — Following our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), Jorge Garcia, pro se, filed two personal restraint petitions (PRPs) that we address in this consolidated proceeding.[1]

We grant Mr. Garcia's petitions in part. We remand for the superior court to vacate two convictions for unlawful possession of a controlled substance.

FACTS AND PROCEDURAL BACKGROUND

Mr. Garcia was sentenced in Benton County Case No. 13-1-01082-1 for a single count of unlawful possession of a controlled substance committed in September 2013. He was sentenced in Benton County Case No. 14-1-00816-7 for four offenses committed in July 2014, one of which—count IV—was for unlawful possession of a controlled

---

[1] In a submission filed on August 18, 2021, following the State's response, Mr. Garcia raised new issues unrelated to the consolidated PRPs. They will not be addressed. "An appellate court will not consider an issue raised for the first time in a reply brief." *In re Pers. Restraint of Peterson*, 99 Wn. App. 673, 681, 995 P.2d 83 (2000).

substance. The offender score relied upon in sentencing him for the 2014 offenses was 7, which included a point each for his current and prior simple possession convictions, and a point for the fact that he committed his current offenses while on community custody for the prior simple possession conviction.

Following the decision in *Blake*, Mr. Garcia filed a PRP with this court in March 2021 (No. 38099-8-III) and a second PRP in April 2021 (No. 38122-6-III). Collectively, the PRPs assert that (1) because Mr. Garcia had convictions for unlawful possession of a controlled substance committed in 2013 and 2014 that are invalid following *Blake*, we should vacate his convictions or remand for resentencing, (2) because he was released from confinement for the conviction for the 2014 charges later than he should have been (in light of sentences based on a too-high offender score), time spent in confinement should count toward his community custody, (3) when arrested in 2019 for a community custody violation, he was sentenced to serve the original, excessive sentence, and (4) he was not read his *Miranda*[2] rights.

Mr. Garcia's confinement for the two unlawful possession of a controlled substance convictions has been completed. While extra offender score points for the controlled substance convictions increased the standard range for all his crimes charged in 2014, Mr. Garcia has been released from incarceration for those crimes. The State

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

asserts he was released on September 18, 2018. Resp. to Pers. Restraint Pet., *In re Pers. Restraint of Jorge Garcia* at 2, Ct. of App. Case No. 38099-8-III (Jun. 14, 2021) (on file with the court).[3] Mr. Garcia asserts that he was not released until January 9, 2019, and that following a violation of a term of his community custody, he was arrested on January 18, 2021, and was ordered by a Department of Corrections panel to serve the 204- or 205-day remainder of his original sentence.

The judgment and sentence convicting Mr. Garcia of his 2014 crimes imposed 12-months' community custody for his unlawful possession of a controlled substance charge and 18-months' community custody for a second degree assault charge. As of June 2021, when the State responded to Mr. Garcia's PRPs, it reported that Mr. Garcia

> has had several warrants and several violations since his release . . . which has caused the running of the community custody time to be stayed. He is still on community custody on the Assault in the Second-Degree charge.

*Id.*

The State agrees in its response to the PRPs that Mr. Garcia is entitled to have the convictions for his 2013 and 2014 simple possession offenses vacated, and agrees to cause the convictions to be vacated, including to cause the community custody associated with count IV of the judgment and sentence for the 2014 offenses to be vacated.

---

[3] His most serious offense sentenced in 2014 was for unlawful possession of a firearm in the first degree, for which he received a 70-month sentence.

3

As for the community custody imposed for the conviction for the 2014 second degree assault, however, the State contends that the reduction in Mr. Garcia's offender score by two points would have reduced his standard range, but he would have been sentenced to the Department of Corrections and under RCW 9.94A.701(2), the proper amount of community custody would have remained 18 months. It contends that he properly remains on community custody for that charge.

ANALYSIS

To obtain relief in a PRP, a petitioner must show actual and substantial prejudice resulting from alleged constitutional errors, or for alleged nonconstitutional errors a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). To avoid dismissal, the petition must be supported by facts and not merely bald or conclusory allegations. *Id.* at 813-14, 792 P.2d 506; *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). A "petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." *Id.*

*Request that simple possession convictions be vacated.* In early 2021, the Washington Supreme Court issued its decision in *Blake*, in which it held that former RCW 69.50.4013 (2017), which criminalized even unintentional and unknowing possession of a controlled substance, violated state and federal due process clauses, and was therefore unconstitutional. 197 Wn.2d at 183-86. "If a statute is unconstitutional, it

4

is and has always been a legal nullity." *Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 143, 247 P.2d 787 (1952).

Under RAP 16.4(a) an "appellate court will grant appropriate relief to a petitioner if the petitioner is under a 'restraint' [and the] restraint is unlawful." An unconstitutional conviction qualifies as an unlawful restraint. RAP 16.4(c)(2). When a petitioner demonstrates that he has been convicted of a nonexistent crime, he has also demonstrated actual and substantial prejudice resulting from that error. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 860, 100 P.3d 801 (2004). Mr. Garcia's convictions under former RCW 69.50.4013 (2017) are invalid. He is entitled to have them vacated.

*Excessive sentence imposed upon violation of community custody.* Mr. Garcia's assertion that he was ordered to serve the remainder of an excessive sentence following a January 2021 community custody violation is unsupported by documentary evidence. We assume the January 2021 violation was sanctioned before the February 25, 2021 decision in *Blake*, however, so the remaining sentence he was ordered to serve could well have been based on the original, and now incorrect, offender score.

Assuming he was ordered to serve the remainder of a sentence that should have been revisited following *Blake*, the issue is now moot. According to Mr. Garcia's own submissions, he has been released from all confinement for his 2014 offenses. A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief. *State v.*

*Bergen*, 186 Wn. App. 21, 26, 344 P.3d 1251 (2015) (citing *Spokane Rsch. & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005)). We are unable to provide effective relief where a defendant challenges a sentence that has already been served. *See id.*

*Community custody for second degree assault committed in 2014.* The State has agreed to obtain an order vacating Mr. Garcia's convictions for *simple possession* and their associated terms of community custody.

As for Mr. Garcia's challenge to the community custody imposed for the second degree assault committed in 2014, RCW 9.94A.701(2) provides that "[a] court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense." By statute, the 18 months of community custody imposed was the result of second degree assault being classified as a violent offense, not the term of Mr. Garcia's confinement or his offender score. We understand Mr. Garcia's argument, which is that any confinement time he served that was rendered excessive by *Blake* should reduce his term of community custody. He cites no legal authority that would support that sort of credit, however, nor are we aware of any basis in the Sentencing Reform Act of 1981, RCW 9.94A, that would authorize us to order the relief he requests.

6

*Allegation that* Miranda *rights were not read.* Finally, Mr. Garcia asserts, "I don't ever remember the police reading me my *Miranda* rights," and elsewhere, "[M]y *Miranda* rights were never read to me." PRP (No. 38122-6-III) at 3-4. Mr. Garcia fails to provide information about when this occurred; whether, in disregard of his rights, a statement he made was offered in evidence; or the relief he is requesting. A petitioner must state the facts on which he bases his claim of unlawful restraint and describe the evidence available to support the allegations; conclusory allegations alone are insufficient. *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 384 P.3d 591 (2016).

We grant Mr. Garcia's petition in part. We remand for the superior court to vacate his convictions for unlawful possession of a controlled substance in Cases No. 13-1-001082-1 and 14-1-00816-7.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____      _____
Fearing, J.                         Staab, J.

7